# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Zachary Randell Ivey** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| Case number (If known) | **19-10496** | | |

☐ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

   (a) This plan: ☑ contains nonstandard provisions. See paragraph 15 below.
   ☐ does not contain nonstandard provisions.

   (b) This plan: ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
   ☐ does not value claim(s) that secures collateral.

   (c) This plan: ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
   ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

   (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$575.00** for the applicable commitment period of:

   ☐ 60 months: **or**

   ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

   (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

   (b) The payments under paragraph 2(a) shall be paid:

   ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

   ☑ Debtor 1 __**100**__ % ☐ Debtor 2 ____%

   ☐ Direct to the Trustee for the following reason(s):
   ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
   ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s): _____

   (c) Additional Payments of **$0** (estimated amount) will be made on _____ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | Zachary Randell Ivey | | | Case number | 19-10496 |

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Embrace Home | 232 Corley Circle Grovetown, GA 30813 Columbia County | Yes | Debtor | May 2019 | $1,408.00 |
| Title Bucks | 2005 Nissan Pathfinder 344000 miles | No | Debtor | May 2019 | $300.00 |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| Embrace Home | 232 Corley Circle Grovetown, GA 30813 Columbia County | Yes | 9,000.00 | 0.00% |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a)    **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b)    **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

   (c)    **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d)    **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

   (e)    **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

   (f)    **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Progressive Leasing | All Collateral | 500.00 | 4.00% | 10.00 |
| Progressive Leasing | All Collateral | 400.00 | 4.00% | 10.00 |

| Debtor | Zachary Randell Ivey | Case number | 19-10496 |
|---|---|---|---|

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at _____ % per annum; or ☐ without interest:

**None**

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of **$0.00**, whichever is greater.

5. **Executory Contracts.**
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| -NONE- | | | | |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| -NONE- | |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| **Service Loan Company** | | **All Collateral** |
| **Spotloan** | | **All Collateral** |
| **Sunset Finance Co. O** | | **All Collateral** |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| -NONE- | | |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

| Debtor | Zachary Randell Ivey | Case number | 19-10496 |
|---|---|---|---|

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

• The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part, of his/her student loan obligations.
• The Debtor shall be allowed to seek enrollment in any applicable income-driven repayment ("IDR") plan with the U. S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively referred to hereafter as "Ed"), without disqualification due to his/her bankruptcy.
• Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan.
• The Debtor may, if necessary and desired, seek a consolidation of his/her student loans by separate motion and subject to subsequent court order.
• Upon determination by Ed of his/her qualification for enrollment in an IDR and calculation of any payment required under such by the Debtor, the Debtor shall, within 30 days, notify the Chapter 13 Trustee of the amount of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Motion to Modify the Chapter 13 Plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
• The Debtor shall re-enroll in the applicable IDR annually or as otherwise required and shall, within 30 days following a determination of his/her updated payment, notify the Chapter 13 Trustee of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Motion to Modify the Chapter 13 plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
• During the pendency of any application by the Debtor to consolidate his/her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, or during the pendency of any default in payments of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor normal monthly statements regarding payments due and any other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.
• In the event of any direct payments that are more than 30 days delinquent, the Debtor shall notify his/her attorney, who will in turn notify the Chapter 13 Trustee, and such parties will take appropriate action to rectify the delinquency.
• The Debtor's attorney may seek additional compensation by separate applications and court order for services provided in connection with the enrollment and performance under an IDR.

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: **April 5, 2019**

/s/ Zachary Randell Ivey
**Zachary Randell Ivey**
*Debtor 1*

_____
*Debtor 2*

/s/ D. Clay Ward
**D. Clay Ward 736770**
*Attorney for the Debtor(s)*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Zachary Randell Ivey, | ) | CASE NO.: 19-10496 |
| Debtor. | ) | |

### CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I hereby certify that I have this day served upon the following parties a copy of the foregoing Chapter 13 plan by First Class Mail placing the same in United States Mail with proper postage affixed thereon to the following addresses:

**See matrix attached as Exhibit 1.**

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following corporations addressed to an Agent or Officer by First Class Mail placing the same in United States Mail with proper postage affixed thereon:

**VIA CERTIFIED MAIL**
**Embrace Home**
**c/o Officer or Agent for Service**
**425 Phillips Bv**
**Trenton, NJ 08618-1430**

**VIA CERTIFIED MAIL**
**Title Bucks**
**c/o Officer or Agent for Service**
**3018 Peach Orchard Road**
**Augusta, GA 30906-3506**

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following creditors in the manner proscribed by Rule 7004, as the Chapter 13 plan proposes to modify/alter/avoid their secured status pursuant to paragraph 4(f) or paragraph 8 of the plan:

**VIA CERTIFIED MAIL**
**Prog Leasing LLC**
**c/o Officer or Agent for Service**
**256 West Data Drive**
**Draper, UT 94020-2315**

**VIA CERTIFIED MAIL**
**Spotloan c/o BlueChip Financial**
**c/o Officer or Agent for Service**
**PO Box 927**
**Palatine, IL 60078-0927**

**VIA CERTIFIED MAIL**
**Service Loan Company**
**c/o Officer or Agent for Service**
**PO Box 2935**
**Gainesville, GA 30503-2935**

**VIA CERTIFIED MAIL**
**Sunset Finance Co. O**
**c/o Officer or Agent for Service**
**510 Mountain View Drive**
**Seneca, SC 29672-2133**

I hereby certify that I have this day electronically served the following parties and counsel via CM/ECF:

**N/A**

This 18th day of April, 2019.

/s/ D. Clay Ward
D. Clay Ward
Ward and Spires, LLC
445 Walker Street
Augusta, GA 30901
706-724-2640

```
Label Matrix for local noticing        California Franchise Tax Board       Capital One
113J-1                                  PO Box 942867                        Attn: Bankruptcy
Case 19-10496                           Sacramento CA 94267-0011             Po Box 30285
Southern District of Georgia                                                 Salt Lake City UT 84130-0285
Augusta
Thu Apr 18 10:45:47 EDT 2019

Cba Tifton                              D. Clay Ward                         Embrace Home
321 Main St                             Ward and Spires, LLC                 425 Phillips Bv
Tifton GA 31794-4897                    PO Box 1493                          Trenton NJ 08618-1430
                                        Augusta, GA 30903-1493


FedLoan Servicing                       Fingerhut                            First Citizens
Attn: Bankruptcy                        Attn: Bankruptcy                     PO Box 29
Po Box 69184                            Po Box 1250                          Columbia SC 29202-0029
Harrisburg PA 17106-9184                Saint Cloud MN 56395-1250


Foremost Insurance Group                Gainsco Insurance                    (p)GEORGIA DEPARTMENT OF REVENUE
PO Box 371329                           PO Box 199023                        COMPLIANCE DIVISION
Pittsburgh PA 15250-7329                Dallas TX 75219-9023                 ARCS BANKRUPTCY
                                                                             1800 CENTURY BLVD NE SUITE 9100
                                                                             ATLANTA GA 30345-3202


I C System Inc                          Internal Revenue Service             Zachary Randell Ivey
Attn: Bankruptcy                        PO Box 7346                          232 Corley Circle
Po Box 64378                            Philadelphia PA 19101-7346           Grovetown GA 30813-5902
St Paul MN 55164-0378


(p)JEFFERSON CAPITAL SYSTEMS LLC        Jefferson Capital Systems, LLC       Office of the U. S. Trustee
PO BOX 7999                             Po Box 1999                          Johnson Square Business Center
SAINT CLOUD MN 56302-7999               Saint Cloud MN 56302                 2 East Bryan Street, Ste 725
                                                                             Savannah, GA 31401-2638


(p)PROG LEASING LLC                     Receivable Recovery Service Llc      Recivable Management Services. LLC
256 WEST DATA DRIVE                     Rrs - Attn: Bankruptcy               Attn: Bankruptcy
DRAPER UT 84020-2315                    110 Veterans Memorial Blvd Ste 445   240 Emery Street
                                        Metairie LA 70005-4931               Bethlehem PA 18015-1980


Security Credit Services                Service Loan Company                 (p)SOURCE RECEIVABLES MANAGEMENT
Attn: Bankruptcy                        Po Box 2935                          PO BOX 4068
Po Box 1156                             Gainesville GA 30503-2935            GREENSBORO NC 27404-4068
Oxford MS 38655-1156


Spotloan                                Sunset Finance Co. 0                 Title Bucks
c/o BlueChip Financial                  510 Mountain View Dr                 3018 Peach Orchard Road
PO Box 927                              Seneca SC 29672-2133                 Augusta GA 30906-3506
Palatine IL 60078-0927


Dempsey Clay Ward
Ward & Spires
P O Box 1493
Augusta, GA 30903-1493
```

Exhibit 1

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Georgia Department of Revenue
Bankruptcy Dept.
1800 Century Blvd. NE
Atlanta GA 30345

Jefferson Capital Systems
16 McLeland Road
Saint Cloud MN 56303

Progressive Leasing
10619 South Jordan Gateway
Suite 100
South Jordan UT 84095

Source Receivables Management
4615 Dundas Drive
Ste. 102
Greensboro NC 27407


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Zachary Randell Ivey
232 Corley Circle
Grovetown GA 30813-5902

End of Label Matrix
Mailable recipients    27
Bypassed recipients     1
Total                  28

Exhibit 1